UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT CARPENTERS
FRINGE BENEFITS FUNDS,   Case No. 2:20-cv-10795

      Plaintiff,   HONORABLE STEPHEN J. MURPHY, III

v.

NORTHWEST ACOUSTICAL,
INC. and MARK A.
SCHOFIELD,

      Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT [11]**

Plaintiff alleged that Defendants violated the Employee Retirement Income Security Act ("ERISA") and the Michigan Building Contract Fund Act when they did not pay certain fringe benefits; Plaintiff seeks damages. ECF 1. The Clerk of the Court entered default against each both Defendant. ECF 9, 10. And Plaintiff moved for default judgment. ECF 11. Defendants did not respond, so the motion is considered unopposed.

Once default is entered, the defendants are treated as having admitted to the complaint's well-pleaded allegations. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). If the allegations, taken as true, "are sufficient to support a finding of liability . . . the Court should enter judgment." *Id.* at 848. After the Court determines that default judgment is appropriate, it will "determine[] the amount and character of the [awarded] recovery". 10A Charles Alan Wright & Arthur R. Miller,

1

*Federal Practice and Procedure* § 2688 (4th ed. 2020) (collecting cases). The Court must "conduct an inquiry" to "ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quotation omitted).

Plaintiff sufficiently alleged that Defendants were required to pay fringe benefits under the parties' collective bargaining agreement and that Defendants did not pay the fringe benefits. ECF 1, PgID 3–6; *see also* ECF 11-4, PgID 94–117 (collective bargaining agreement section dealing with fringe benefits). Because Defendants did not pay the fringe benefits, they breached the collective bargaining agreement. And because of the alleged breach, Plaintiff has a right to default judgment.

For damages under ERISA, Plaintiff is entitled to "the unpaid contributions," "interest on the unpaid contributions," "an amount equal to the greater of" the "interest on the unpaid contributions, or" "liquidated damages" not to exceed twenty percent, "reasonable attorney's fees and costs" and "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). For the state law claim, Plaintiff did not allege damages separate from the ERISA damages. *See* ECF 11.

Plaintiff has sufficiently proven damages. Plaintiff attached two affidavits to the default judgment motion: one from an auditor and the other from its attorney.

The auditor's affidavit detailed the funds to which Plaintiff was entitled under ERISA. To support the amount, the auditor took three steps. First, the auditor found that Defendants' unpaid contribution was $35,469.95. ECF 11-2, PgID 64. Second,

2

the auditor determined that Defendants owed $3,580.33 in unpaid interest. *Id.* at 65. The auditor determined that amount by correctly multiplying the contractual interest rate of .049%, *see* ECF 11-5, PgID 158, with 206 (the amount of days that the payment was overdue, ECF 11-2, PgID 65). The auditor then multiplied the product with the unpaid contribution and came up with $3,580.33. *Id.* Third, the auditor determined that Defendants owed $4,018.74 in liquidated damages. *Id.* at 64–65. To find that product, the auditor multiplied the contractual liquidated damages rate of .055%, ECF 11-5, PgID 158, by 206 (the amount of days that the payment was overdue, ECF 11-2, PgID 64–65). The auditor then multiplied the product with the unpaid contribution to arrive at $4,018.74. *Id.* at 64.

The affidavit from Plaintiff's attorney, Mr. Walter B. Fisher, Jr., included billing records that showed $1,480.00 in fees and $403.20 in costs. ECF 11-3. After reviewing the records and considering the lodestar approach, Mr. Fisher's hourly rate and billed hours are reasonable and there is no need to adjust or deduct anything from his fees. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401–02 (6th Cir. 1995). Mr. Fisher is therefore entitled to $1,883.20 in costs and fees ECF 11-3, PgID 68. In sum, the unpaid contribution, unpaid interest, liquidated damages, and attorney's fees equal $44,952.22. Plaintiff is therefore entitled to a default judgment in that amount.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for default judgment [11] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER** default judgment in the amount of $44,952.22 against Defendants.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: February 26, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 26, 2021, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager